UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL IRENE MORAN,

    Plaintiff,

v.                                              CASE NO. 8:21-cv-1487-WFJ-JSS

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1), and the well-reasoned report of United States Magistrate Judge Sneed recommending that the decision of the Commissioner be affirmed (Dkt. 19). Plaintiff, through counsel, filed timely objections. Dkt. 20.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may

accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on the ground that the ALJ failed to consider supportability and consistency with respect to evaluating the medical opinions of Dr. Shyngle, Dr. Rotman, and Dr. Robertson. Plaintiff urges that while every piece of evidence need not be discussed, the ALJ must "sufficiently explain the weight given to 'obviously probative exhibits.'" Dkt. 20 at 4 (citing *Dyer v. Barnhardt*, 295 F.3d 1206, 1211 (11th Cir. 2005) (regarding discussing evidence) and *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (regarding "obviously probative evidence")).

### Dr. Shyngle:

Plaintiff argues that the ALJ improperly rejected Dr. Shyngle's conclusion that Plaintiff has moderate to marked restrictions for prolonged weightbearing and other strenuous physical activities. Plaintiff takes issue with two of the ALJ's stated reasons for discounting Dr. Shyngle's opinion: (1) that Dr. Shyngle did not define "moderate," "marked," "prolonged," or "strenuous;" and (2) that a subsequent x-ray confirmed minimal degenerative findings in Plaintiff's right knee. T. 19. The ALJ found " a restricted range of light work activity to be most consistent with the evidence of record as a whole." *Id*.

The magistrate judge is correct that the ALJ fulfilled his duty to assess the RFC in light of all the evidence in the record. Dkt. 19 at 11. The ALJ reasonably discussed supportability and consistency in finding that Dr. Shyngle's recommendation was not supported by the later-taken x-ray (lack of consistency) and was not based on the more relevant objective medical evidence of the x-ray (supportability). The ALJ was well within the purview of his role under the new regulations, which changed the articulation standards for ALJs in assessing medical opinions in the record. Dkt. 19 at 8 (citing case law and authority).

**<u>Drs. Rotman and Robertson</u>**:

Plaintiff argues that the ALJ erred in omitting from his decision substantial portions of the medical opinions of the state agency consultants, Dr. Rotman and Dr. Robertson. Specifically, the ALJ did not mention parts of their opinions concerning Plaintiff's mental and social limitations—Plaintiff may be distracted by others and function best in non-collaborative work tasks. Dkt. 20 at 3. The Court agrees with the magistrate judge that the ALJ's assessment took into account these limitations. As noted, the Eleventh Circuit does not require the specificity suggested by Plaintiff. Dkt. 19 at 13 (citing case law).

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ and all the medical records, with regard to each specific objection lodged by Plaintiff, the Court agrees with the thorough report of

the magistrate judge. The ALJ applied the correct legal standards in reaching a decision which was supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 20) are overruled.

2) The report and recommendation (Dkt. 19) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on July 19, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record